IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM STEWART, | ) Civil Action No. 3:10-3083-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| AT&T MOBILITY LLC; | ) |
| RADIOSHACK CORPORATION.; AND | ) |
| MOTOROLA, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, William Stewart, filed this action in the Richland County Court of Common Pleas on October 1, 2010. In his Complaint, Plaintiff asserts that he suffered personal injuries as a result of radiation emitted from his allegedly defective cell phone during a single call in October 2007. He appears to assert product liability claims. On December 2, 2010, Defendant Motorola, Inc. ("Motorola") removed this action to this court.[1] In the notice of removal, Motorola stated that it believed that the other Defendants had not been properly served. On December on December 2, 2010, Defendant RadioShack Corporation ("RadioShack") filed a notice of consent to removal.

On January 3, 2011, Plaintiff filed a motion to remand this action to state court. Defendant AT&T Mobility LLC ("AT&T") filed an answer on January 21, 2011. Defendants filed a joint motion for summary judgment on February 25, 2011. Plaintiff, because he is proceeding pro se, was

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

advised on February 28, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the dismissal of his complaint. Plaintiff filed a response on April 4, 2011.[2]

    1.    Motion to Remand

Motorola removed this case based on diversity jurisdiction. Plaintiff appears to argue that this action should be remanded because there is not complete diversity of the parties and the amount in controversy requirement is not satisfied. Defendants RadioShack and Motorola argue that Plaintiff's motion to remand should be denied because complete diversity of citizenship exists and because the amount in controversy, while not specified, exceeds the jurisdictional minimum.

An action may be removed from state court to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441. Under § 1332, district courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332.

        a.    Diversity of Citizenship

Here, there is complete diversity of citizenship because Plaintiff is a citizen of South Carolina and none of the Defendants are citizens of South Carolina. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978).

---

[2] In his response, Plaintiff appears to argue that Defendants' motion is improper because Defendants did not consult with him before filing their motion. The Local Civil Rules, however, provide that counsel is under no duty to consult with a pro se litigant and that motions for summary judgment are excluded from the general duty to consult before filing a motion. See Local Civil Rule 7.02 DSC.

2

Plaintiff appears to argue that complete diversity of citizenship does not exist because Defendants "do business" in South Carolina. "[T[he mere fact that [a defendant] does business in [a state] *as a foreign corporation* does not make [that state] the company's principal place of business, and therefore would not destroy diversity jurisdiction." Johnson v. Nutrex Research, Inc., 429 F. Supp. 2d 723, 725 n. 1 (D. Md. 2006); see also Long v. Silver, 248 F.3d 309, 314-15 (4th Cir. 2001)(out-of-state defendant's manufacturing facility located in the plaintiff's home state did not defeat diversity jurisdiction where home office and bulk of corporate activity took place in a state other than Plaintiff's home state).

Plaintiff has not disputed that he is a citizen of South Carolina. A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." 28 U.S.C. § 1332(c)(1); see also Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 289 (4th Cir. 1999). Defendants have provided that they are all Delaware corporations, that RadioShack and AT&T have their principal place of business as Texas, and that Motorola has its principal place of business in Illinois. See Notice of Removal, Paras. 6-8. Plaintiff has not provided anything to dispute this.

       b.     Amount in Controversy

Plaintiff appears to argue that the amount in controversy requirement is not met because he has not stated what damages he is seeking, has "no idea how much" is at stake, and "want[s] a jury to make that decision." Plaintiff's Motion to Remand at 1. Defendants Motorola and RadioShack argue that the amount in controversy exceeds the jurisdictional minimum because the allegations in this action leave no question that the amount in controversy exceeds $75,000.

A party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing a case based on diversity jurisdiction, a party invoking federal jurisdiction must allege the same in the notice of removal and, when challenged, demonstrate basis for jurisdiction). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir.1994). The United States Court of Appeals for the Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy. See, e.g., Rota v. Consolidation Coal Co., No. 98–1807, 1999 WL 183873, at *1 (4th Cir. Apr.5, 1999)(expressly declining to adopt any particular standard of proof for determining the amount in controversy). In cases where plaintiff has not specified any monetary amount of damages claimed, "courts have required defendants justifying the removal of a case to federal court based on diversity jurisdiction to meet one of at least four different standards to show that the amount in controversy has been satisfied; (1) 'legal certainty,' (2) 'preponderance of the evidence,' (3) 'reasonable probability,' and (4) inverse legal certainty.'" Phillips v. Whirlpool Corp., 351 F.Supp.2d 458, 461 (D.S.C. 2005).[3]

Here, Defendants have used the preponderance of the evidence test to argue that the jurisdictional amount is met. Plaintiff has not challenged the use of this test.

The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of the case as it stands at the time of removal. See St. Paul

---

[3] The "inverse legal certainty" test does not appear to be applicable because it essentially shifts the burden of showing grounds for removal from the defendant to the plaintiff. See Spann v. Style Crest Prods., 171 F.Supp.2d 605, 607-608 (D.S.C. 2001).

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). When a specific amount is not specified in the complaint, "[t]he object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy." Cannon v. United Ins. Co., 352 F.Supp. 1212, 1217 (D.S.C. 1973). Where a plaintiff "has alleged an indeterminate amount of damages...the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 667 (D.S.C. 2005). The test for determining the amount in controversy in a diversity proceeding is "the pecuniary result to either party which [a] judgment would produce." Gov't Emp. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964). Punitive damages "must be included in the calculation of the amount in controversy." Am. Health & Life Ins. Co. v. Heyward, 272 F.Supp.2d 578, 581 (D.S.C. 2003)(citing Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943)).

Here, Defendant Motorola asserted in its notice of removal that the amount in controversy exceeded the minimum required for diversity jurisdiction because the allegations in the Complaint demonstrate that the amount in controversy exceeds $75,000. Specifically, Motorola argues that the jurisdictional minimum is met because Plaintiff (in his Complaint and attachments) seeks actual and punitive damages; alleges permanent injuries to the nerves and other tissues on the left side of his head, neck, and throat; alleges permanent injuries that affect his hearing, vision, speech, and bodily functions including a loss of balance and memory; claims he has and continues to suffer great pain and mental anguish; claims that his head feels as if it has been struck repeatedly by a ball peen hammer; asserts that he has been forced to expend money for doctors' care and other necessities; claims he has lost much time from his self-employed work; and claims he has not been able to work

or sleep much since using the phone. In support of its argument, Motorola provided examples of numerous cases with similar alleged damages in which the plaintiffs obtained verdicts in excess of $75,000. See Notice of Removal at 5-6.

It is recommended that Plaintiff's motion to remand be denied because Motorola has shown by a preponderance of the evidence[4] that more than $75,000 is in controversy here. Plaintiff alleges that the 2007 phone call caused "permanent injuries to the nerves and other tissues on the left side of his head, neck [and] throat that affected his hearing vision, speech and other bodily functions...." Complaint at 2. Plaintiff states that his injuries have required him to expend money for doctors and other medical necessities and "he has lost much time from his self-employed work on improving his investments, etc., and will in the future have a loss of earning capacity..." Id. Based on his alleged injuries, Plaintiff seeks "actual damages" and "punitive damages in the appropriate amount...." Id.[5] In his motion to remand, Plaintiff has not denied that the amount of damages he seeks exceeds $75,000. He has also not disputed any of the authorities cited by Motorola in support of their argument that the amount in controversy in this action clearly exceeds $75,000. Instead, Plaintiff

---

[4] It also appears to be reasonably probable that the required amount in controversy has been satisfied. Additionally, it does not appear to a legal certainty that plaintiffs cannot recover damages in excess of $75,000.

[5] Plaintiff also argues that this action should not be removed because of his lack of familiarity with the rules in federal court and his alleged inability to travel out of state if his case is appealed. He fails, however, to show that this is relevant to jurisdiction or defeats the right of out-of state defendants to remove cases where diversity jurisdiction exists. See, e.g., Maples v. Boyd, No. Civ.A. 03-6325, 2004 WL 1792775, at *3 (E.D. Pa. Aug. 9, 2004)(refusing to consider plaintiff's remand arguments that removal to state court would deprive him of a "fair hearing and/or opportunity to have his claims heard at the state level" because § 1447(c) "provides for remand only on the basis of a defect in removal procedure or a lack of subject matter jurisdiction").

merely argues that he has not named a specific amount of damages, that he has "no idea how much" is in controversy, and that he wants a jury to determined the amount of damages.

  2. <u>Motion for Summary Judgment</u>

Defendants contend that they are entitled to summary judgment because proof of Plaintiff's claims requires that Plaintiff establish causation, such causation must be proved through expert testimony, and Plaintiff has failed to identify any expert witness to establish causation. Plaintiff does not appear to dispute that he has not identified any expert, instead arguing that Defendants' motion for summary judgment should be denied because he believes that he and a jury are "as capable of understanding the information relevant to this issue as an expert." Plaintiff's Opp. Mem. at 2.

  a. <u>Standard for Summary Judgment</u>

The federal court is charged with liberally construing the complaints filed by <u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972) and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). <u>See also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). A fact is deemed "material" if proof of its

existence or non-existence would affect disposition of the case under applicable law. Anderson, 477 U.S. 242 at 248. "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

The defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

"[O]nce the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c) (1)(A-B).

Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987) and Evans v. Technologies Applications & Servs. Co., 80 F.3d 954 (4th Cir. 1996). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule

56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e)(1-4).

        b.      <u>Discussion</u>

In his Complaint, Plaintiff alleges that radiation from his phone caused permanent damage to the nerves and tissues of his head, neck, and throat. Under South Carolina law, a plaintiff in a product liability case " must prove the product defect was the proximate cause of the injury sustained." <u>Small v. Pioneer Mach., Inc.</u>, 494 S.E.2d 835, 842 (S.C.Ct. App. 1997)(citing <u>Livingston v. Noland Corp.</u>, 362 S.E.2d 16, 18 (S.C. 1987)); <u>Bray v. Marathon Corp.</u>, 588 S.E.2d 93, 95 (S.C. 2003)("A products liability plaintiff must prove the product defect was the proximate cause of the injury sustained.")(citations omitted); see also <u>Phillips v. Morbark, Inc.</u>, 481 F.Supp.2d 461, 464 (D.S.C. 2007)(same). This causation requirement is also present in "failure to warn" products liability claims. <u>See</u> <u>Anderson v. Green Bull, Inc.</u>, 471 S.E.2d 708, 711 (S.C. Ct. App. 1996)(finding any purported failure to warn inconsequential when plaintiff could not show that the alleged dangerous condition was the cause of injury); see also <u>Andrews v. Buckman Laboratories, Inc.</u>, No. 98-1189, 181 F.3d 86 (4th Cir. May 21, 1999)(Plaintiff cannot succeed on claim that defendant negligently failed to warn him of the dangers posed by defendant's product unless he proves that defendant's insufficient warning caused his injuries)(citing <u>Young v. Tide Craft, Inc.</u>, 242 S.E.2d 671, 675 (S.C.1978)).

Further, under South Carolina law, a plaintiff in a medically complex products liability case "must establish proximate cause through competent expert testimony." <u>Disher v. Synthes</u> (U.S.A.),

9

371 F.Supp.2d 764, 772 (D.S.C. 2005). A plaintiff "may not prevail in a products liability case" unless he or she can rely on an expert whose opinion is supported by scientifically reliable data or the relevant literature in the field. See Oglesby v. Gen. Motors Corp., 190 F.3d 244, 249 (4th Cir. 1999). Without such admissible expert testimony to support a plaintiff's theory of causation, the defendant is entitled to summary judgment. See, e.g., Morehouse v. Louisville Ladder Grp. LLC, No. Civ. A. 3:03-887-22, 2004 WL 2431796, at *9 (D.S.C. June 28, 2004)(granting summary judgment after finding plaintiff's expert witness's opinions on causation to be scientifically unreliable; Jones v. Danke Med., Inc., No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *4-5 (D.S.C. Oct. 12., 1999)(granting summary judgment when plaintiff failed to produce qualified expert to show causation in defective medical device case).

Here, Defendants' motion for summary judgment should be granted because Plaintiff failed to produce an expert witness to establish proximate cause. In a scheduling order entered December 8, 2010, the deadline for identifying expert witnesses was set as February 8, 2011. Doc. 20. On January 28, 2011, the scheduling order was extended for the filing of motions to join additional parties and amend the pleadings, but did not change the February 8, 2011 deadline for Plaintiff's disclosure of expected expert witnesses. Doc. 44. Plaintiff did not file a motion to extend the time to identify expert witnesses. He failed to timely identify any expert witnesses. Plaintiff appears to argue that a jury can decide this action without expert witness testimony on his behalf and appears to argue that he can prove his case by merely discrediting the testimony of Defendants' expert(s). He has not, however, disputed that South Carolina law provides that proximate cause must be established through competent expert testimony.

10

## **CONCLUSION**

Based on the foregoing, it is recommended that Plaintiff's motion to remand (Doc. 25) be **denied**. It is also recommended that Defendants' motion for summary judgment (Doc. 47) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

July 21, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).