IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM STEWART, ) | C.A. No. 3:10-3083-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | |
| ) | |
| AT&T MOBILITY LLC, ) | |
| RADIOSHACK CORPORATION, and ) | |
| MOTOROLA, INC., ) | |
| ) | |
| Defendants.[1] ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on July 21, 2011. Dkt. No. 58. For the reasons set forth below, the Report is adopted as modified below, Plaintiff's motion to remand is denied, and Defendants' motion for summary judgment is granted.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life &*

---

[1] This caption reflects amendments effected by order entered July 21, 2011. Dkt. No. 57 (replacinig "Radio Shack Corp." with "RadioShack Corporation" and "AT&T, Inc." with "AT&T Mobility LLC").

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## BACKGROUND

Through this action, Plaintiff, who is proceeding *pro se*, seeks damages for personal injuries he alleges were caused by radiation emitted from his cell phone during a single but lengthy telephone call. The original complaint was filed in state court and named three Defendants: AT&T, Inc. ("AT&T"), Radio Shack Corp., ("RadioShack"[2]), and Motorola, Inc. ("Motorola"). Motorola removed the action to this court on December 2, 2010, asserting, on information and belief, that RadioShack and AT&T had not been properly served. Dkt. No. 1. A few days later, RadioShack filed a consent to the removal, asserting, at the same time, that it had not yet been properly served. Dkt. No. 5 (filed December 5, 2010).[3]

Plaintiff filed three motions in early January 2011: (1) a motion to remand; (2) a motion to amend (seeking, *inter alia*, to add AT&T Mobility LLC ("Mobility") as a Defendant); and (3) a motion for additional time in which to serve AT&T. Dkt. Nos. 25-27. Motorola and RadioShack filed memoranda in opposition to the motion to remand. Dkt. Nos. 28-29. RadioShack also responded to the motion to amend, addressing possible corrections to its own name but taking no position as to the addition of Mobility. Dkt. No. 30. Motorola and RadioShack also consented to

---

[2] For consistency, the court identifies this Defendant as "RadioShack" throughout this order, regardless of the timeframe involved, recognizing that this Defendant was identified as "Radio Shack Corp." prior to July 21, 2011, and "RadioShack Corporation" thereafter. *See supra* n. 1.

[3] It is undisputed that AT&T remained unserved as of this point in the proceedings.

2

enlargement of certain deadlines (for service and amendment of the complaint), adding their own motion to enlarge some but not all deadlines. Dkt. Nos. 31, 36.

By order entered January 20, 2011, the Magistrate Judge granted the motion for extension of time to serve AT&T. Dkt. No. 34. This order did not address Plaintiff's motions to remand and to amend the complaint to add Mobility.

On January 21, 2011, Mobility filed an answer to the complaint, asserting that AT&T was not a proper Defendant and answering as if it (Mobility) was the entity named as a Defendant. Dkt. No. 40. Mobility also filed responses to Local Civil Rule 26.01 interrogatories in which it indicated that it was a limited liability company ("LLC"), which had five "owners," one LLC and four corporations, all of which were subsidiaries of AT&T, a corporation. Dkt. No. 41.

On January 28, 2011, the Magistrate Judge entered an amended scheduling order which set February 4, 2011, as the deadline for moving to amend the pleadings and February 8, 2011, as the deadline for Plaintiff to identify expert witnesses and make related mandatory disclosures. Dkt. No. 44. Both deadlines passed without any further filings by Plaintiff. On February 25, 2011, Defendants moved jointly for summary judgment based largely on Plaintiff's failure to name an expert witness. Dkt. No. 47. Defendants argued that this failure was fatal to Plaintiff's claim(s) because he could not establish causation without expert testimony. *Id.*

Plaintiff filed a timely response to Defendants' motion for summary judgment on April 4, 2011. Dkt. Nos. 48, 53. Plaintiff argued that he could prove his case without the need for expert testimony based on his own and lay witnesses' testimony and photographic evidence of the physical manifestations of his injury (*e.g.*, an inflamed ear) and by discrediting any expert testimony offered

by Defendants. Dkt. No. 53.[4]

On July 21, 2011, the Magistrate Judge entered an order granting, in part, Plaintiff's motion to amend. Specifically, the order replaced Defendant AT&T, Inc., with AT&T Mobility LLC, and corrected the name of Defendant RadioShack Corporation. In substituting Mobility for AT&T, the order referred to the new Defendant, which is a limited liability company, as a "foreign corporation[], incorporated in Delaware." *Id.* n.3.

The Report which is now before the court was entered on the same day. It recommends that Plaintiff's motion for remand be denied and Defendants' motion for summary judgment be granted. The recommendation as to the motion to remand rests, in part, on the conclusion that no Defendant is a citizen of the same state as Plaintiff (South Carolina) because all of the Defendants are Delaware corporations with principal places of business in Texas and Illinois.[5] The recommendation as to summary judgment rests on the conclusion that Plaintiff cannot establish causation without an expert witness.

The parties were advised of their right to object to the Report. No party filed any objection despite passage of the time allowed for doing so.

**DISCUSSION**

Because no objections were filed, the court has reviewed the Report for clear error. The court finds no such error with respect to the propriety of the removal or the recommendation on the

---

[4] Plaintiff did not seek an extension of time in which to obtain and disclose an expert witness or otherwise indicate any intent to provide expert witness testimony.

[5] In support of this conclusion, the Report cites to the original notice of removal which provides citizenship information for the originally named Defendant, AT&T. It does not address the citizenship of the substituted Defendant, Mobility. As explained below, because Mobility is an LLC, not a corporation, its citizenship is determined based on the citizenship of its Members.

4

merits of the summary judgment motion (presuming the continued existence of subject matter jurisdiction). The court does, however, find clear error in the Report's failure to consider whether the post-removal substitution of Mobility for AT&T had any impact on the *continued* existence of diversity and, consequently, on this court's exercise of subject matter jurisdiction from the point of the substitution forward. Such a determination should have been made prior to addressing the motion for summary judgment as the court has an independent duty to ensure the existence of subject matter jurisdiction. *E.g., Constantine v. Rectors & Visitors of George Mason Univ.*, 441 F.3d 474, 480 (4th Cir. 2005).

**Effect of Post-Removal Amendment.** At the time the Report was entered, the Record did not contain sufficient information to determine Mobility's citizenship because it did not reveal the citizenship of Mobility's members. *See Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citizenship of a limited liability corporation is determined based on the citizenship of its members); *General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). (same). Neither did any party address this issue through an objection. The court, therefore, requested additional information from Mobility regarding its citizenship and also afforded Plaintiff an opportunity to address the issue of Mobility's citizenship. Dkt. No. 61 (entered after the expiration of the deadline for objections). Mobility responded as requested, providing information which indicates Mobility, by virtue of the citizenship of its five members, is a citizen of Delaware, Texas, and Georgia, As none of Mobility's members is a citizen of the same state as Plaintiff (South Carolina), the substitution of Mobility had no impact on the continued existence of subject matter jurisdiction. Thus, while it was error to address the motion for summary judgment without first determining whether Mobility's substitution had any impact on the continued existence

of jurisdiction, that error was, ultimately, harmless because the substitution did not destroy complete diversity.

## CONCLUSION

The Report and Recommendation is adopted as modified above. The court denies Plaintiff's motion to remand, finds the substitution of Mobility for AT&T did not defeat the existence of subject matter jurisdiction, and grants all Defendants' motion for summary judgment. The Clerk of Court is, therefore, directed to enter judgment for Defendants.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 17, 2011